547 So.2d 1271 (1989)
Ann E. PFEIFFER, Appellant,
v.
ROUX LABORATORIES, INC., et al., Appellees.
No. 88-2568.
District Court of Appeal of Florida, First District.
August 24, 1989.
*1272 John P. Stone, Jr., of Matthews, Black & Stone, Jacksonville, for appellant.
Patrick D. Coleman and Timothy B. Strong of Coffman, Coleman, Andrews & Grogan, Jacksonville, for appellees.
MINER, Judge.
In August of 1986, appellant (plaintiff below) filed a complaint in the Duval County Circuit Court alleging that she had been employed by appellees (defendants below) from August 1972 until she became totally disabled in February of 1986. Prior to her disability and departure from work, appellees had agreed to a benefit plan which would continue to pay her full salary for up to six months should she become totally disabled. Appellant alleged that after she became disabled, appellees ignored her request for payment.
On September 10, 1986, appellees moved to dismiss Ms. Pfeiffer's complaint arguing that the cause was preempted by federal law in the form of the Employee Retirement Income Security Act (ERISA) and that this preemption extended to state common law contract causes of action. Additionally, they argued that appellant failed to allege that she had exhausted all available administrative and contractual remedies as required by ERISA.
On January 7, 1987, the trial court denied appellees' motion to dismiss. On motion for rehearing, appellees repeated their argument that ERISA preempted a contract claim and that by allowing a contract action the trial court was giving appellant the chance to receive a jury trial and additional damages which would not be available under ERISA. Apparently, on further reflection, the trial judge found appellees' argument persuasive and thereafter entered an order dismissing appellant's complaint, with prejudice. Her motion for rehearing was denied.
On June 27, 1988, appellant filed a new complaint asserting a claim under ERISA. Appellees moved to dismiss arguing that the ERISA claim was barred by res judicata. The trial court agreed and on August 17, 1988 dismissed the complaint with prejudice. From an order denying her motion for rehearing, Ms. Pfeiffer appeals. We reverse and remand.
Four conditions must occur simultaneously for a claim to be barred by res judicata: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties, and (4) identity of the quality in the person for or against whom the claim is made. Albrecht v. State, 444 So.2d 8 (Fla. 1984).
The parties here agree that the applicability of res judicata depends upon whether the contract and ERISA claims constitute identical causes of action. In Albrecht, supra at 12, the court stated that "[t]he determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions." Appellees contention that the contract and ERISA actions are identical is based on what we believe to be an oversimplification of the nature of an ERISA action. To maintain an ERISA action, a plaintiff must show that he has exhausted the administrative procedure that is established by the plan. As part of this procedure, ERISA requires that the employer give a written decision as to why benefits *1273 were denied. It is this decision that must be reviewed in an ERISA action. The court must determine whether the denial was made in accordance with the substance and procedures outlined in the benefit plan. Accordingly, the trial court applies an appellate standard of review to determine whether the employer's decision to deny benefits was based upon competent substantial evidence. This differs from the preponderance of the evidence standard which applies in contract actions. A difference in the standard of proof suggests that the causes are not identical. Cf. Matthews v. Matthews, 133 So.2d 91, 94-95 (Fla. 2d DCA 1961) (finding that the causes of action were not identical where the earlier action required a greater standard of proof than the subsequent action).
In sum, since it cannot be said that the common law contract action filed by Ms. Pfeiffer is identical to her equitable action based upon a federal statute, we hold that res judicata is inapplicable to bar the ERISA claim.
Reversed and remanded for further proceedings consistent with this opinion.
SMITH and THOMPSON, JJ., concur.