742 So.2d 433 (1999)
Lynne NOACK, Harry Noack, and Noack and Associates Insurance and Financial Services, Inc., Appellants,
v.
BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC.; Florida Combined Life Insurance Company; Florida Combined Agency, Inc.; Health Options, Inc.; Affiliated Insurance of Pensacola, Inc. and Mark Tubbs, Appellees.
No. 98-3826.
District Court of Appeal of Florida, First District.
September 16, 1999.
*434 Michael J. Pugh of Levin and Tannenbaum, P.A., Sarasota and Daniel Stewart, Milton, for appellants.
Nancy W. Gregoire, W. Edward McIntyre, and Daniel Alter of Bunnell, Woulfe, Krischbaum, Keller, Cohen & McIntyre, P.A., Ft. Lauderdale, for appellees Blue Cross and Blue Shield of Florida, Inc., Florida Combined Life Insurance Company, Inc., and Health Options, Inc.
T.A. Borowski, Jr., of Emmanuel, Sheppard & Condon, Pensacola, for appellees Affiliated Insurance of Pensacola, Inc. and Mark Tubbs.
Donald H. Partington of Clark, Partington, Hart, Larry, Bond, Stackhouse & Stone, Pensacola, for appellees.
LAWRENCE, J.
Harry Noack, Lynne Noack, and Noack and Associates Insurance and Financial Services, Incorporated (Noack), appeal an order dismissing with prejudice their second amended complaint against Blue Cross and Blue Shield of Florida, Incorporated; Florida Combined Life Insurance Company; Florida Combined Agency, Incorporated; and Health Options, Incorporated (Blue Cross). We affirm in part, and reverse in part.
Noack's second amended complaint raises multiple claims surrounding the cancellation of its contract to sell insurance as an agent of Blue Cross. We affirm without discussion the dismissal of the counts which sought to allege a cause of action based upon a written contract, an oral contract, bad faith, and conspiracy.
We write to address the facial sufficiency of Noack's counts based upon fraud in the inducement, reformation, and antitrust. Our court tells us:
When ruling on a motion to dismiss for failure to state a cause of action, the trial court must accept the allegations of a complaint as true. Likewise, the appellate court must accept the facts alleged in a complaint as true when reviewing an order that determines the sufficiency of the complaint. Whether a complaint is sufficient to state a cause of action is an issue of law. Consequently, a ruling on a motion to dismiss for failure to state a cause of action is reviewable on appeal by the de novo standard of review.

Sarkis v. Pafford Oil Co., 697 So.2d 524, 526 (Fla. 1st DCA 1997) (citations omitted) (emphasis added).

Fraud in the Inducement
The trial court's order holds that Noack's claim alleging fraud in the inducement is barred by the economic loss rule; this holding is error, for our court holds that "[f]raud in the inducement to make a contract is not barred by the economic loss rule." Sarkis, 697 So.2d at 527. The order also recites that a claim for fraud cannot be predicated upon a mere promise that was not performed; this too is error, as our sister court observes:
As a general rule, fraud cannot be predicated upon a mere promise not performed. However, under certain circumstances, a promise may be actionable as fraud where it can be shown that the promissor had a specific intent not to perform the promise at the time the promise was made, and the other elements of fraud are established.
. . . .
In order for a promise of future performance to serve as a predicate for a claim of fraud, it must be established that the promise was made with the present intention not to comply.
Alexander/Davis Properties, Inc. v. Graham, 397 So.2d 699, 706, 707-08 (Fla. 4th DCA 1981) (citations omitted) (emphasis added). Neither is the presence of a merger clause an impediment to a cause of action for fraud in the inducement. See Wilson v. Equitable Life Assurance Soc'y, 622 So.2d 25, 27 (Fla. 2d DCA 1993) (it is a well-established rule that "alleged fraudulent misrepresentations may be introduced *435 into evidence to prove fraud notwithstanding a merger clause in a related contract").
Noack's complaint specifically alleges that Blue Cross, through its agent Suber, represented that if Noack received a written release from Tubbs, Noack would immediately become general agents able to sell Blue Cross insurance; that Suber's representation was made to induce Noack not to file suit against Tubbs and Blue Cross; that Suber's representation was false when made and Suber, when a general release was received, did not immediately make Noack a general agent. The complaint further alleges that Suber represented that if Noack moved out of their home into a commercial setting, and if Noack hired a secretary, then Noack would immediately become a general agent able to sell Blue Cross insurance and as long as Noack performed adequately Noack would remain a general agent; that Suber made these representations to induce Noack to forego filing suit to enforce earlier promises; that Noack complied with the conditions; and still Blue Cross withheld a contract. Noack's complaint thus states particular misrepresentations of fact. Noack further alleges that these representation were "false when made," "known by [Tubbs and Blue Cross] to be untrue when they were made," and "were made with intent to deceive, mislead, and defraud." Noack further alleges reliance, and damage. The trial court thus erred in dismissing Noack's action for fraud in the inducement.

Reformation
The trial court concluded that Noack's count seeking to reform its contract with Blue Cross is barred by the written contract's merger clause, and the parol evidence rule. This is error. Our court holds:

Parol evidence is admissible in a reformation action in equity for the purpose of demonstrating that the true intent of the parties was something other than that expressed in the written instrument. By the same token, "the doctrine of merger in deed, under which preliminary understandings, negotiations, and agreements regarding a conveyance are held to merge in the deed leaving it as the sole expositor of the parties' intent, is inapplicable in an action seeking the equitable remedy of reformation."
Ayers v. Thompson, 536 So.2d 1151, 1154 (Fla. 1st DCA 1988) (emphasis added) (affirming the trial court's reformation of a deed, and reversing for clarification of findings on damages).

Antitrust
The trial court dismissed Noack's count based on the Florida Antitrust Act[1] because "the McCarran-Ferguson Act exempts insurance business from antitrust law." The United States Supreme Court, interpreting the McCarran-Ferguson Act[2] exemption, holds that the act exempts only the "business of insurance" not the "business of insurance companies" from antitrust claims. Group Life & Health Ins. Co. v. Royal Drug Co., 440 U.S. 205, 217, 99 S.Ct. 1067, 59 L.Ed.2d 261 (1979) (holding that the McCarran-Ferguson Act exempts from antitrust laws the business of insurance and not the business of insurers, and where the challenged agreements were merely arrangements for the purchase of goods and services by the insurer, enabling the insurer to minimize costs and maximize profits, and where the agreements did not involve underwriting or spreading of risk, the agreements were not the "business of insurance" so as to be exempt from antitrust *436 scrutiny by virtue of the McCarran-Ferguson Act). The instant claim has nothing to do with the spreading of insurance risks or the issuance of insurance policies, that is, the relationship between an insurer and its insureds. Id. (to include every business decision of an insurance company in the "business of insurance" would be plainly contrary to the statutory language). The court below thus erred in dismissing Noack's antitrust claim on the basis of the McCarran-Ferguson Act.
We agree that Noack's complaint alleges injury to the market, rather than mere injury to Noack. See Greenberg v. Mount Sinai, Med. Ctr., 629 So.2d 252, 257 (Fla. 3d DCA 1993) ("A complaint which does not allege a per se violation must in sum contain three elements: a) a specifically defined market; b) an allegation that defendants possessed the ability to affect price or output; and c) an allegation that plaintiff's exclusion from the market did affect or was intended to affect the price or supply of goods in that market. It is not enough to allege that plaintiffs were injured; there must be an allegation of harm to competition in general.") (citations and footnote omitted).
We thus hold that the court below correctly dismissed Noack's claims for breach of oral and written contract, bad faith, and conspiracy, but incorrectly dismissed with prejudice claims for fraud in the inducement, reformation, and antitrust. We accordingly affirm in part and reverse in part the order below, and remand for consistent proceedings.
ERVIN and BROWNING, JJ., concur.
NOTES
[1] The relevant statutes provide: "Every contract, combination, or conspiracy in restraint of trade or commerce in this state is unlawful"; "It is unlawful for any person to monopolize, attempt to monopolize, or combine or conspire with any other person or persons to monopolize any part of trade or commerce in this state." §§ 542.18, 542.19, Fla.Stat. (1997).
[2] See 15 U.S.C.A. §§ 1011-1015 (1997).