STRINGER, Judge.
In this longstanding neighborhood dispute, appellants, David and Ann Erwin, appeal an order of contempt entered in their favor against appellees, Abel and Ro-mona Alvarez. We reverse the challenged portions of the contempt order.
In 1994, appellants filed a complaint against their neighbors, appellees, alleging that the noise created by appel-lees’ chickens constituted a nuisance. In 1996, a jury trial was held, and the jury found the existence of a nuisance. Based on the jury’s verdict, the court entered an order requiring appellees to reduce the noise level. However, the nuisance remained unabated, and in 1998, appellants found it necessary to file a motion for order to show cause as to why appellees should not be held in contempt for failing to comply with the original order. Following a hearing on the motion, the trial court found appellees to be in contempt.
Appellants do not challenge the entire contempt order, but they object to paragraph two which reads:
The Court Orders and Adjudges that so long as the Alvarezes limit the number of chickens and roosters to the twenty-five (25) allowed by Collier County Ordinances the Court will deem the Alva-rezes to have abided by the previous Order of April 22, 1996 with respect to the Private Nuisance found to exist by the jury through their verdict at the trial of March 7,1996.
By entering this order, the court has essentially authorized the nuisance to continue, as long as appellees comply with the Collier County ordinance. This is error. “[A] given activity can constitute a judicially abatable nuisance notwithstanding full compliance with either legislative mandate or administrative rule.” State ex rel. Shevin v. Tampa Elec. Co., 291 So.2d 45, 48 (Fla. 2d DCA 1974); see also State ex rel. Gardner v. Sailboat Key, Inc., 295 So.2d 658 (Fla. 3d DCA 1974). Moreover, it is an unauthorized advisory opinion about future conduct which was not submitted for the court’s consideration. See Department of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994).
We, therefore, reverse. On remand paragraph two shall be stricken from the contempt order.
Reversed in part and remanded with directions.
ALTENBERND, A.C.J., and CASANUEVA, J., Concur.