859 So.2d 608 (2003)
Lynne NOACK, Harry Noack, and Noack and Associates Insurance and Financial Services, Inc., Appellants,
v.
BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., Florida Combined Life Insurance Company, Inc., Florida Combined Agency, Inc., Health Options, Inc., Affiliated Insurance of Pensacola, Inc., and Mark Tubbs, Appellees.
No. 1D02-3176.
District Court of Appeal of Florida, First District.
November 26, 2003.
*609 Michael J. Pugh of Levin, Tannenbaum, Wolff, Band, Gates & Pugh, P.L., Sarasota, for Appellants.
Donald H. Partington of Clark, Partington, Hart, Larry, Bond, Stackhouse & Stone, Pensacola; Nancy W. Gregoire and W. Edward McIntyre of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Ft. Lauderdale, for Appellees Blue Cross and Blue Shield of Florida, Inc., Florida Combined Life Insurance Company, Inc., and Health Options, Inc.
ALLEN, J.
The appellants challenge a summary final judgment entered in their civil action on claims for fraud in the inducement, reformation of a written agreement, and antitrust violations. Because the undisputed material facts do not negate the possibility of relief on the theories of fraud or reformation, the summary judgment should not have been entered as to those claims.
The appellants sought recovery upon a complaint asserting numerous claims pertaining to their insurance business and dealings with the appellees. The trial court initially dismissed the complaint as to all claims and the case was appealed in Noack v. Blue Cross and Blue Shield of Florida, 742 So.2d 433 (Fla. 1st DCA 1999), where this court reversed the dismissal as to the claims for fraud in the inducement, reformation, and antitrust violations. Determining that those claims were facially sufficient, this court remanded the case for further proceedings as to those matters. The parties thereafter made extensive filings below, including written documents, depositions, and affidavits. The trial court then entered the summary judgment now being appealed, finding that there was no evidence to support the remaining claims and that the undisputed facts established that there was no basis for relief.
The summary judgment order is reviewed here de novo, to ascertain whether the record reflects any genuine issue of material fact and whether the court correctly applied the law, after drawing every permissible inference in favor of the appellants against whom the summary judgment was entered. E.g. Floyd v. Department of Children and Families, 855 So.2d *610 204 (Fla. 1st DCA 2003). Such a judgment is appropriate only if there is not even the slightest doubt as to any issue of material fact, as such doubt must be resolved in favor of the appellants. Id.
The record indicates that the appellants Lynn and Harry Noack (the Noacks) worked for the appellees Mark Tubbs and Affiliated Insurance, with Tubbs being an officer and the major stockholder of Affiliated Insurance, and the other named appellees having associated business interests. The Noacks eventually terminated their relationship with Tubbs and Affiliated Insurance, and started their own business as the appellant Noack and Associates. The record further indicates that the appellee Tubbs and certain representatives of the appellee Blue Cross made various representations, which included statements pertaining to the manner in which the Noacks would be compensated, and their ability to retain certain business, and when they would be allowed to sell Blue Cross insurance, and the assistance which would be provided in this endeavor, and when they would be approved as general agents for Blue Cross and their status in that regard, etc. The Noacks indicated that the appellees did not comply with these promises and representations, and that the referenced statements were made with a fraudulent intent to deceive the Noacks and induce them not to file suit against the appellees who had breached their agreements and failed to honor other promises. Noting that they relied on the various misrepresentations in working for and pursuing their business relationship with several of the appellees, and that they did not file suit and otherwise acted in accordance with the promises and statements, the Noacks indicated that the Blue Cross representatives also informed them that pursuant to their written agreement the Noacks could remain as general agents as long as they produced sales and adequately performed in compliance with the agreement. Again, the Noacks indicated that this was a false statement intended to deceive them, whereby they were led to understand that the cancellation "for any reason" clause in the written agreement meant only that they could be terminated for cause. However, the Noacks asserted that despite their compliance with the agreement their agency was subsequently terminated without cause.
The evidence which the appellants submitted below creates sufficient issues of material fact to preclude summary judgment on the claims for fraud in the inducement, and reformation of the written agreement. In entering summary judgment as to the fraud claim the trial court concluded that there was no evidence that Blue Cross did not intend to perform under the written agreement, or that it had any intent to deceive the Noacks. But while our prior opinion in Noack v. Blue Cross refers to the necessity of showing such fraudulent intent, this does not require direct and explicit testimony to that effect as fraudulent intent may be proved circumstantially, through a series of acts and events which, when taken together and considered in context, collectively demonstrate the requisite intent. E.g. Department of Revenue v. Rudd, 545 So.2d 369 (Fla. 1st DCA 1989). Indeed, cases such as Rudd emphasize that even when there is no dispute as to the occurrence of the predicate acts, issues as to the interpretation of the events in context will often preclude summary judgment on the question of fraudulent intent.
As to the reformation claim, the trial court noted that the written agreement contains a merger clause, and that there was no evidence that anyone from Blue Cross was authorized to alter the terms of the standard agreement. However, *611 as was explained in this court's prior Noack opinion, the merger clause does not preclude relief by the equitable remedy of reformation. Instead, Noack recognizes that reformation of the written agreement may be had to give effect to the contracting parties' true intent. And even in instances of unilateral mistake, reformation may pertain in connection with inequitable conduct by the other contracting party. See Smith v. Royal Automotive Group, 675 So.2d 144 (Fla. 5th DCA 1996); Ayers v. Thompson, 536 So.2d 1151 (Fla. 1st DCA 1988).
The factual presentation which the appellants made below, with the permissible inferences created thereby, presents sufficient issues of material fact to preclude summary judgment on the fraud and reformation claims. Such a showing was not made as to the antitrust claim, and the challenged order is affirmed as to that matter but reversed as to the fraud and reformation claims, and the case is remanded.
ERVIN and BARFIELD, JJ., CONCUR.