912 So.2d 28 (2005)
Anwar SAADEH and Mary Anne Saadeh, his wife, Appellants,
v.
STANTON ROWING FOUNDATION, INC., a Florida corporation, Appellee.
No. 1D04-2092.
District Court of Appeal of Florida, First District.
August 23, 2005.
Rehearing Denied October 10, 2005.
*29 Barry A. Bobek, Jacksonville, for Appellants.
Stephen H. Durant of Hedrick Dewberry Regan & Durant, P.A., Jacksonville, for Appellee.
KAHN, C.J.
Appellants, Anwar and Mary Anne Saadeh, brought a two-count action against appellee, Stanton Rowing Foundation, Inc. (Stanton), seeking monetary damages for an alleged nuisance and further seeking an order enjoining appellee's use of certain real estate in a manner the Saadehs contend violates the Jacksonville Ordinance Code. The trial court granted summary final judgment as to both counts. On appeal, appellants correctly argue that the trial court misapplied the rule of res judicata. Accordingly, we reverse and remand for further proceedings on both counts.

BACKGROUND
Appellee owns and uses certain riverfront property on the Arlington River in Jacksonville (Arlington River Site) as a rowing center for students of the Stanton College Preparatory School. The Saadehs own and live at real estate located at 5741 Atlantic Boulevard in Jacksonville. The facts below establish that the Saadeh property adjoins Stanton's property and both properties front the Arlington River. The Saadehs contend that Stanton's use of the property violates the Jacksonville Ordinance Code and rises to the level of a private nuisance because, according to the Saadehs, Stanton's use creates "noise and traffic congestion, disturbs the peace, quiet and privacy of the [Saadehs'] residential use and diminishes the value of the [Saadehs'] use of their property as a home."
Stanton answered the complaint and raised several affirmative defenses. Significantly for present purposes, Stanton alleged that res judicata barred the Saadehs' claim because the Saadehs were parties, or privies to parties, or were represented by the requisite public entity and, therefore, are bound by an earlier circuit court decision. In that earlier case, the circuit court determined that Stanton's use of the property did not contravene the Jacksonville Ordinance Code. See Stanton Rowing Found., Inc. v. Planning Comm'n of City of Jacksonville, No. 97-76AP (Fla. 4th Cir. Ct. June 15, 1999). Because of the claim of res judicata, the factual background becomes important.
*30 Some years ago, Stanton sought to establish a regional rowing center fronting on Little Pottsburg Creek, near the mouth of the Arlington River. The Stanton Foundation encouraged the City of Jacksonville to make available bond money for funding a public park facility to be operated by Stanton. In 1996, the City adopted an ordinance approving funding by way of agreeing to a long-term lease of the site from Stanton for a rowing center. For reasons that are not completely clear, the site ultimately approved by the City was not the site that the City staff and counsel thought they would be leasing. In fact, the City ended up approving the park for a "backyard" on the Arlington River, the parcel now subject to this dispute. In any event, the City paid substantial rent for the 30-year term of the public lease and Stanton proceeded to purchase the Arlington River Site. Shortly afterwards, the City's zoning administrator received a complaint that Stanton was using the Arlington River Site in violation of the zoning ordinance. The City then issued Stanton a citation for a zoning violation. The City's Planning Commission upheld the citation determining that Stanton was not using the site as a neighborhood park, which, in the Commission's view, would be a permissible use. Stanton sought review in the circuit court by a petition for certiorari.
The zoning ordinance became central to the controversy. Without dispute, the properties owned by both appellants and appellee are in a Residential Low Density (RLD) district governed by section 656.305 of the Jacksonville Ordinance Code. Under that provision, the permitted uses and structures in an RLD district include, for purposes of this case, "[p]arks, playgrounds and playfields or recreational or community structures meeting the performance standards and development criteria set forth in Part 4." Jacksonville Ordinance Code § 656.305. The trial court focused upon whether Stanton's rowing center at that time fit within the ordinary meaning of the word "park." Ultimately, the circuit court disapproved the ruling of the planning and zoning commission, relying extensively on the terms of the City's lease with Stanton. Under the lease, "the Foundation was required to manage and operate a public rowing center on the Property for use by qualified members of the general public." The trial court further noted that the plain and ordinary meaning of "park" includes use of land for public recreation. Accordingly, in the zoning case, the trial court determined that the term "park" was clear and unambiguous, and overruled the finding of the Commission to the contrary.
Despite having paid thirty-years' rent in advance, the City proceeded to take steps toward termination of the lease. In January 2003, after the present action was filed, but before the trial court granted summary judgment, the City formally terminated the lease and relinquished any claim to public use of the property.
On motion by Stanton, the trial court in the present case granted summary judgment on the injunction claim, finding that under principles of res judicata, the Saadehs would be bound by the zoning case determination as between Stanton and the Commission. Shortly thereafter, the trial court granted summary judgment on the damages claim finding that, because of the earlier determination of no zoning violation, "mere residential use cannot be a nuisance, as a matter of law." We review the trial court's grant of summary judgment de novo. See Noack v. Blue Cross & Blue Shield of Fla., Inc., 859 So.2d 608 (Fla. 1st DCA 2003).

ANALYSIS
Application of the well-recognized principle of res judicata requires:

*31 (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality in the person for or against whom the claim is made.
Pfeiffer v. Roux Labs., Inc., 547 So.2d 1271, 1272 (Fla. 1st DCA 1989). In determining whether identity of causes of action exists, the court must compare the facts and issues supporting the underlying transaction. See Gordon v. Gordon, 59 So.2d 40, 44-47 (Fla.1952). Res judicata extends only to the facts and conditions as they existed at the time the prior court rendered the prior judgment. See Hialeah Race Course, Inc. v. Gulfstream Park Racing Ass'n., 210 So.2d 750, 753 (Fla. 4th DCA 1968). Res judicata may be characterized as a "rule of expediency, justice, and public tranquility," and "will not be invoked where it will work an injustice." Flesche v. Interstate Warehouse, 411 So.2d 919, 924 (Fla. 1st DCA 1982).
Our review of the circuit court order in the zoning case makes clear that the judge there focused upon the City's lease with Stanton, providing for use of the property by qualified members of the general public. This factor led the circuit court to conclude that common usage of the term "park" generally includes an area used for recreation and amusement, for public recreation, and, similarly, set apart for recreation of the public. With the cancellation of the lease, these observations pale.
Stanton now argues that the zoning ordinance notwithstanding, establishment of a private park is appropriate. This argument is understandable because on deposition, Stanton's representative made clear that Stanton intends to hold the property exclusively for its members' use as private property and to prohibit any other use without express authority of the Stanton Foundation. Based upon termination of the lease, and upon Stanton's characterization of its present use of the property, application of res judicata was mistaken.
We have considered Stanton's argument that its use of the property as a sort of private recreational facility meets the zoning ordinance. We reject this view. See Hanna v. Sunrise Recreation, Inc., 94 So.2d 597, 601 (Fla.1957) (reviewing the modern concept for a dedicated public park and noting factors such as convenience of patrons and the public and "use by and enjoyment of the public" (quoting McLauthlin v. City & County of Denver, 131 Colo. 222, 280 P.2d 1103, 1106 (1955))); White v. Metro. Dade County, 563 So.2d 117, 124 (Fla. 3d DCA 1990) (holding that conduct of a tennis tournament violated a deed restriction requiring land to be used only for "public park purposes" because the tournament "virtually bars the public use of Crandon Park during the tournament"). Although the zoning ordinance in question refers to "parks, playgrounds, and playfields," and does not specifically use the term "public park," we find that Stanton's definition is so broad as to render the referenced term "parks" meaningless. We further note that the Jacksonville Ordinance Code makes provision for private clubs, which are defined, in part, as facilities "owned or operated by a corporation, association, or persons for social, educational, or recreational purpose." Jacksonville Ordinance Code, § 656.1601. Because the Code contains this separate provision, we have determined that use by Stanton of its property as a private recreational area is not consistent with the RLD requirement of "parks, playgrounds and playfields." The trial court erred by granting summary judgment on the injunction claim.
The trial court similarly erred by granting summary judgment on the claim for damages. The court grounded *32 its order primarily upon the conclusion that operation of a rowing center would be permitted under the zoning ordinance. Because we have reversed that determination, factual questions remain regarding whether the Saadehs can establish that Stanton's use arises to the level of a private nuisance. We also note that mere compliance with the zoning ordinance will not, in and of itself, absolve a property owner from any claim of nuisance. A court examining a claim of nuisance must focus not only upon legality, but also upon reasonableness of the use, "as such use affects the public and private rights of others" and "must of necessity be determined from the facts and circumstances of particular cases as they arise." Cason v. Fla. Power Co., 74 Fla. 1, 76 So. 535, 536 (1917)(emphasis added). See also Porter v. Saddlebrook Resorts, Inc., 596 So.2d 472 (Fla. 2d DCA 1992) (concluding that compliance with an ordinance did not render an activity per se reasonable).
REVERSED and REMANDED for further proceedings.
BROWNING and THOMAS, JJ., concur.