# Third District Court of Appeal

## State of Florida

Opinion filed October 27, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0127
Lower Tribunal No. 16-18399
_____

**Jorge Reyes,**
Appellant,

vs.

**Jorge Cosculluela,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Bales Sommers & Klein, P.A., and Jason Klein, for appellant.

Wolfson Law Firm, LLP, and Jonah M. Wolfson, for appellee.

Before SCALES, MILLER, and BOKOR, JJ.

MILLER, J.

After appellant, Jorge Reyes, voluntarily dismissed his nuisance lawsuit against his neighbor, appellee, Jorge Cosculluela, on the proverbial eve of trial, the trial court awarded attorney's fees as a sanction pursuant to section 57.105(1), Florida Statutes (2021). Having carefully surveyed the relevant judicial landscape, we conclude Reyes asserted a viable claim, albeit a weak one, that the incessant noise emanating from a batting cage on the neighboring property sufficiently interfered with the comfort, repose, and enjoyment of his home so as to constitute a nuisance under the common law. Further observing the decision to end litigation has no bearing on the merits, we find the award of fees was unwarranted. See City of Jacksonville v. Schumann, 199 So. 2d 727, 729 (Fla. 1st DCA 1967) ("[N]oise can be a nuisance."); see also Clark v. Bluewater Key RV Ownership Park Prop. Owners Ass'n, Inc., 226 So. 3d 276, 279 (Fla. 3d DCA 2017) (upholding an injunction based on nuisance claims of noise from commercial vehicles); Lake Hamilton Lakeshore Owners Ass'n, Inc. v. Neidlinger, 182 So. 3d 738, 741 (Fla. 2d DCA 2015) (finding noise from lawful use of airboats can constitute a nuisance); Erwin v. Alvarez, 752 So. 2d 1261, 1262 (Fla. 2d DCA 2000) (finding noise from lawful ownership of chickens and roosters can constitute a nuisance); Rae v. Flynn, 690 So. 2d 1341, 1343 (Fla. 3d DCA 1997) (finding noise from barking dogs can rise to the level of a nuisance);

2

Exxon Corp., U.S.A. v. Dunn, 474 So. 2d 1269, 1272 (Fla. 1st DCA 1985) (finding noise, vibrations, and emissions from the operation of an industrial plant constituted a nuisance); Roebuck v. Sills, 306 So. 3d 374, 379 (Fla. 1st DCA 2020) (finding a neighbor's noisy pool equipment and lighting constituted a nuisance); Saadeh v. Stanton Rowing Found. Inc., 912 So. 2d 28, 29, 32 (Fla. 1st DCA 2005) (finding noise and traffic congestion from use of property as a recreational rowing facility can constitute a nuisance); McClosky v. Martin, 56 So. 2d 916, 918 (Fla. 1951) ("An adjoining property owner cannot maintain a . . . nuisance on his property which is injurious to the . . . property rights of an adjacent landowner and not be answerable [for it]."). Accordingly, we reverse and remand for further proceedings consistent herewith.

Reversed and remanded.

3