[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13709

Non-Argument Calendar

_____

LAWRENCE T. NEWMAN,
BEVERLY R. NEWMAN,

Plaintiffs-Appellants,

*versus*

HERITAGE VILLAGE WEST CONDOMINIUM ASSOCIATION,
INC.,
PATTI MARTIN,
in her individual capacity and in her official
capacity as former President and as a
Board member of the Heritage Village
West Condominium Association, Inc.,
ROBIN PARKER,
in her individual capacity and in her official

capacity as an Officer and as a
Board member of the HeritageVillage
West Condominium Association, Inc.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-00817-MSS-SPF

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Lawrence and Beverly Newman appeal the dismissal of their federal and state fair-housing claims against their condominium association and two of the association's board members. The district court dismissed the Newmans' complaint as *res judicata* based on an earlier state court judgment. We conclude that some of the Newmans' claims were *res judicata*, and some were barred by the applicable statute of limitations. But most of the Newmans' fair-housing claims were not barred by the Florida judgment because they alleged a different cause of action than the claims disposed of in the state litigation, and many of the surviving claims were not obviously barred by the statute of limitations based on the

22-13709                Opinion of the Court                3

allegations in the complaint.  We therefore affirm in part, reverse in part, and remand for further proceedings.

## I.

The Newmans have been living in Beverly Newman's father's condominium in Heritage Village West since shortly before the father's death in 2010.  They apparently have never paid the fees charged by the Heritage Village West Condominium Association.

In 2016, the Association filed an eviction action in Manatee County, Florida based on the Newmans' failure to pay.  The Newmans responded and filed four state-law counterclaims, alleging that (1) the eviction action was illegal retaliation for their complaints about the use of toxic chemicals by the Association and its landscaping company, and because they are Jewish; (2) the eviction notice and lawsuit constituted an abuse of process; (3) authorizing the eviction suit constituted bad faith and reckless or malicious conduct by three individually named Association directors; and (4) the Association and the three directors conspired to commit defamation against them.  The state court ultimately entered summary judgment in favor of the Association and its directors on all four of the counterclaims.

The Newmans then filed this action in federal district court, alleging violations of the federal Fair Housing Act and its Florida counterpart.  Their federal complaint alleged that the Association and two of its board members (neither of whom had been named in the state counterclaims) discriminated against them based on

their Jewish heritage and religion and by failing to provide a reasonable accommodation for Beverly Newman's extreme sensitivity to toxic chemicals.  They also alleged, as they did in the state eviction action, that the defendants attempted to evict them in retaliation for their 2016 complaints about the use of toxic landscaping chemicals; harassed Beverly Newman by misusing the litigation process in requesting medical records, serving subpoenas, and demanding proof of her chemical sensitivity; and made harmful false statements about them because of their Jewish religion and heritage.  The district court dismissed the complaint as barred by *res judicata*, and this timely appeal followed.  *See* Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(A)(vi).

## II.

On appeal, the Newmans challenge the district court's dismissal of their complaint and its rulings on their motion for default judgment and several motions to file reply briefs.  We review the district court's application of *res judicata* de novo.  *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069–70 (11th Cir. 2013).  We review the court's decision on the motion for default judgment and its application of its local rules regarding reply briefs for abuse of discretion.  *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002); *Reese v. Herbert*, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008).

### III.

### A.

Florida's doctrine of *res judicata* bars a second suit between the same parties on the same cause of action if a court of competent jurisdiction entered a judgment on the merits in the first lawsuit.[1] *Albrecht v. State*, 444 So. 2d 8, 11–12 (Fla. 1984), *superseded by statute on other grounds, as stated in Bowen v. Florida Dep't of Envtl. Reg.*, 448 So. 2d 566 (Fla. Dist. Ct. App. 1984). So long as the cause of action is the same and the second suit is between the same parties or their privies, the "first judgment is conclusive as to all matters which were or could have been determined." *Id.* at 12. The cause of action is the same when "the facts or evidence necessary to maintain the suit are *the same* in both actions." *Tyson v. Viacom, Inc.*, 890 So. 2d 1205, 1209 (Fla. Dist. Ct. App. 2005) (en banc) (emphasis in the original) (quotation omitted). In other words, "the essential elements of the cause of action, and thus the ultimate facts to be proved," must be the same for *res judicata* to apply. *Leahy v. Batmasian*, 960 So. 2d 14, 17–18 (Fla. Dist. Ct. App. 2007). Claims based on facts or conditions that did not yet exist when the first judgment was entered are not barred by *res judicata*. *Saadeh v. Stanton Rowing Found., Inc.*, 912 So. 2d 28, 31 (Fla. Dist. Ct. App. 2005).

Some, but not all, of the claims in the Newmans' federal complaint are barred by *res judicata*. The same parties or their

---

[1] In determining whether to give preclusive effect to a state court judgment, federal courts must apply the rendering state's law of preclusion. *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1074 n.6 (11th Cir. 2013).

privies are involved in both actions,[2] and some (but not all) of the causes of action are the same as the counterclaims that were adjudicated on the merits in the state eviction action.  Specifically, the Newmans' claim that the 2016 eviction action was filed in retaliation for their complaints about the use of toxic chemicals and because they are Jewish relies on the same facts as their retaliatory eviction counterclaim in the state litigation.  Their claims that the Association misused court process to harass them require proof of the same facts that were or could have been alleged to prove the abuse-of-process counterclaim that was resolved against them by the state judgment.  *See Verdon v. Song*, 251 So. 3d 256, 258 (Fla. Dist. Ct. App. 2018) (describing elements of cause of action for abuse of process).  And their current allegations that the Association and its board members made false derogatory statements about them to other residents were or could have been alleged in support of their defamation conspiracy counterclaim in the state action, at least to the extent that they rely on statements made before the state court judgment was entered in March 2020.  *See Saadeh*, 912 So. 2d at 31; *see also Jews for Jesus, Inc. v. Rapp*, 997 So. 2d

---

[2] Defendants Patti Martin and Robin Parker are in privity with the Association to the extent that they are sued in their official capacities as Association board members. *See AMEC Civ., LLC v. PTG Const. Servs. Co.*, 106 So. 3d 455, 456 (Fla. Dist. Ct. App. 2012) ("A privy is one who is identified with the litigant in interest.").  The Newmans also sued the board members in their individual capacities, but they did not allege personal liability or any individual action by Martin or Parker with respect to the claims that are barred by *res judicata*.

1098, 1106 (Fla. 2008) (setting out elements of Florida defamation claim).

But the Newmans also raise new causes of action that were not adjudicated in the state lawsuit. Their claim that the Association and board members refused to provide reasonable accommodation for Beverly Newman's alleged disability by giving notice of toxic chemical use requires proof of different facts than their claim that the Association retaliated against them for complaining to state agencies about the use of chemicals. *Compare* 42 U.S.C. § 3604(f) *and* Fla. Stat. § 760.23(7)–(9) *with* Fla. Stat. § 83.64. And their claim that the defendants denied them housing services (including property maintenance and clean up, participation in committees and meetings, and community notices) based on their religion requires proof of different facts than their state defamation claim, even if both lawsuits included allegations of anti-Semitic vandalism.[3] *Compare* 42 U.S.C. § 3604(a)–(b) *and* Fla. Stat. § 760.23(1)–(2) *with Jews for Jesus, Inc.*, 997 So. 2d at 1106 (describing Florida defamation claim); *see also Tyson*, 890 So. 2d at 1210 (*res judicata* does not bar a subsequent lawsuit alleging a different cause of action even if the facts overlap to some degree with a prior claim).

---

[3] We express no opinion as to whether the Newmans have stated a plausible claim for relief under federal or state fair-housing laws. That issue was not briefed by the parties below and is not before us on appeal.

**B.**

The defendants argue here—as they did in the district court—that any fair-housing claims that are not barred by *res judicata* are barred by the statute of limitations. It is true that the Newmans alleged that the defendants discriminated against them beginning as early as 2008, and that any housing discrimination claims arising more than two years before they filed their complaint are generally barred under federal and state law. *See* 42 U.S.C. § 3613(a)(1)(A) (authorizing a civil action filed within two years of a discriminatory housing practice); Fla. Stat. § 760.35 (same for Florida housing discrimination claims). We therefore affirm the dismissal of the Newmans' housing-discrimination claims to the extent that they were clearly barred by the statute of limitations based on the Newmans' own allegations. *See United States v. Campbell*, 26 F.4th 860, 879 (11th Cir. 2022) (en banc) ("we have discretion to affirm on any ground supported by the law and the record that will not expand the relief granted below" (quotation omitted)).

But the Newmans also alleged conduct occurring in and after late April 2019, less than two years before they filed their federal complaint. And they alleged recurring conduct, such as repeatedly spraying toxic chemicals without notice or repeatedly refusing to provide maintenance services, without specifying the dates of occurrence. Because it was not apparent from the face of the complaint whether the statute-of-limitations defense applied to the undated allegations, the claims based on the undated alleged conduct were not subject to dismissal on that ground. *See Nance v. Comm'r, Georgia Dep't of Corr.*, 59 F.4th 1149, 1154 (11th Cir. 2023).

## C.

Last, we briefly address the Newmans' challenges to several of the district court's interlocutory rulings.  All of the challenged rulings were discretionary, meaning that the district court had a "wide range of choice" in how it ruled.  *McLane Co. v. E.E.O.C.*, 581 U.S. 72, 83 (2017).  The district court did not abuse its discretion in denying the Newmans' motion for default judgment where the defendants provided an excuse for their late response to the complaint, it appeared that the untimeliness was inadvertent, and the brief delay caused no prejudice to the plaintiffs.  *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1338 n.7 (11th Cir. 2014); *Mitchell*, 294 F.3d at 1316–17.

The district court also acted within its discretion in denying the Newmans' motions to file reply briefs.  Under the court's local rules, reply briefs generally are not allowed without leave of court. M.D. Fla L. R. 3.01(d).  The district court's discretion to grant or deny leave to reply under the rule coincides with its inherent authority to manage its docket to achieve "the efficient and expedient resolution of cases."  *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *see also McLane Co.*, 581 U.S. at 83 (explaining that some discretionary decisions are "given an unusual amount of insulation from appellate revision for functional reasons" (quotation omitted)).

The motions raised by the Newmans on appeal sought to file reply briefs in connection with their repeated attempts to

obtain a default judgment.[4]  The district court denied those motions because it considered additional briefing unnecessary.  This decision was reasonable, and well within the court's authority.  We therefore affirm on this issue.

## IV.

We AFFIRM the dismissal of the Newmans' retaliation claim (Count V).  We also AFFIRM IN PART the dismissal of the Newmans' other housing discrimination claims, to the extent that they allege discriminatory harassment in the form of defamatory statements or abuse of court process occurring before entry of the state court judgment on their counterclaims in the 2016 eviction action, or acts alleged to have occurred more than two years before the federal complaint was filed.  We otherwise REVERSE the district court's dismissal of the Newmans' fair-housing claims, and we REMAND to the district court for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[4] The Newmans make a brief reference to the denial of their motion to file a reply brief in support of their Rule 60(b) motion.  But they do not make any significant argument in their opening brief regarding either the district court's decision on their motion to file a reply brief or its denial of their Rule 60(b) motion.  Those issues are therefore abandoned.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).