## LIEBLING v. BARBARA BUILDING & DEVELOPMENT CORPORATION.

### No. 1639.

District Court, S. D. Florida.

Aug. 7, 1931.

Kay, Adams, Ragland & Kurz, of Jacksonville, Fla., for plaintiff.

Stapp, Gourley, Vining & Ward, of Miami, Fla., for defendant.

RITTER, District Judge.

The declaration in this cause is upon a promissory note given the plaintiff by the defendant, which is due and unpaid.

The defendant has filed its sole plea as follows: "For a plea to the declaration herein says that after the alleged claim accrued and before this suit the plaintiff by deed released the defendant therefrom." This is good as to form.

The defendant filed a motion for judgment because the plaintiff has failed to file a replication thereto on or before the requisite rule day, but such motion is inconsequential under section 4284, Comp. Gen. Laws 1927.

The plaintiff filed a motion to strike the special plea and for judgment upon these grounds:

1. Said pretended plea of release is sham and false.

2. Said pretended plea of release was not filed in good faith and was for the purpose of delay only.

3. Said pretended plea of release will prejudice and embarrass and delay the fair trial and determination of said action.

The cause is for decision upon this motion.

Upon the hearing, plaintiff's counsel filed affidavits setting forth the matter upon which any release must be predicated, attaching to said affidavits original or photostatic copies of the documentary evidence in relation thereto. Defendant's counsel has presented no counter affidavits and rests upon the verified plea as presented to entitle it to a trial by jury at such time in the future as may be fixed.

The motion of plaintiff is predicated upon section 2630, Rev. Gen. St. 1920 of Florida, section 4296, Comp. Gen. Laws 1927, which is as follows: "If any pleading be so framed as to prejudice or embarrass or delay the fair trial of the action, the opposite party may apply to the court to strike out or amend such pleading, and the court shall make such order respecting the same, and also respecting the costs, as it shall see fit." The particular point raised is that the special defense is one to delay the fair trial of the action, in that it is sham and presents in fact no defense, when the documentary evidence upon which it is alleged is considered by the court; that the affidavits of plaintiff presenting in full such documents clearly and unmistakably prove that there never has been a release of the indebtedness claimed.

From a careful examination of these documents, I think the position of the plaintiff is well taken. The documents presented must be considered together, as they were simultaneously executed, in reference to a settlement of several controversies between the parties, but the note in question in this case was expressly preserved and stipulated to be a valid and subsisting obligation in the four-cornered agreement and was extended for payment. Interest on the note was paid after the execution of the instrument, twice extended for principal payment, and it has ever been kept alive and recognized by the parties to this action. When the action comes on for trial and these instruments are presented in evidence, the court could do naught else but enter judgment for the plaintiff. I asked counsel for defendant if he desired to present counter affidavits, tending to show a real issue existed on this question of release and satisfaction arising from the instruments presented or other evidence in addition thereto, but counsel declined to submit any. The purpose of the court was to ascertain if there was any conflicting evidence to that presented by the plaintiff.

Convinced as I am that the defense is a sham and made for delay purpose only, the question is whether the court has the power under the statute and the common law back of it, to grant the motion to strike and enter judgment.

This being a common-law action, this court, by virtue of the Conformity Act (28 USCA § 724), is required to follow the state statutes and rules of practice in so far as they are not in conflict with some federal statute regulating procedure.

Section 71, Rev. Gen. St. Fla. 1920 (Comp. Gen. Laws Fla. 1927, § 87), provides: "The common and statute laws of England which are of a general and not a local nature, with the exception hereinafter mentioned, down to the fourth day of July, 1776, be, and the same are hereby declared to be of force in this State: Provided, The said statutes and common law be not inconsistent with the Constitution and laws of the United States and the acts of the Legislature of this State."

The Florida Practice Act of 1861 and the Florida Common-Law Rules of 1873 were founded upon the English Common-Law Procedure Acts of 1852 and 1854 and the Hilary Rules as set out in Day's Common-Law Practice. Volusia County Bank v. Bigelow, 45 Fla. 638, 33 So. 704; Neal v. Spooner, 20 Fla. 42, 43; Robinson v. Hartridge, 13 Fla. 501, 520.

Section 52 of the English Common-Law Procedure Act of 1852 (Day's Common-Law Practice [4th Ed.] 85) provides: "If any pleading be so framed as to prejudice, embarrass, or delay the fair trial of the action, the opposite party may apply to the court or a judge to strike out or amend such pleading, and the court or any judge shall make such order respecting the same, and also respecting the costs of the application, as such court or judge shall see fit." Section 4296, Comp. Gen. Laws 1927.

Section 2630, Rev. Gen. St. 1920, which was a part of the Florida Practice Act of 1861 (McClellan's Digest, par. 55, p. 826), supra, is as follows: "If any pleading be so framed as to prejudice or embarrass or delay the fair trial of the action, the opposite party may apply to the court to strike out or amend such pleading, and the court shall make such order respecting the same, and also respecting the costs, as it shall see fit."

I find, with the exception of a few words of no importance here, that the two statutes are identical.

It is quite clear that the Florida statute under consideration was adopted from the English law, and that it is declaratory of the common law which is a part, as aforesaid, of the Florida common law.

Day's Common-Law Practice, in considering the English section 52 aforesaid, gives annotations of the English decisions construing this section. Day's Common-Law Practice has been approved as an authority by the Florida Supreme Court in Volusia County Bank v. Bigelow, 45 Fla. 638, 33 So. 704, 705. I have examined these cases, and without reviewing the same here, state that they clearly establish the authority of the court under the statute to set aside a plea such as here presented which is sham and made falsely for delay. The evidence may be presented by affidavits and, if convinced thereby, the court may enter judgment for the plaintiff. This is especially true in action on assumpsit, as here, upon a promissory note. Judge Gaselee, in Smith v. Hardy, [1832] 8 Bing. 435, 131 Eng. Reprint 461, aptly remarked: "Those who put in these false pleas would do well to look to the practice in early times, when, it appears that they were liable to be severely punished."

The court should not hesitate to use all its prerogatives to speed the determination of cases. It is the duty of the court to prevent delay by false formal pleas which impede the recovery of just demands. The federal courts are committed to this. They have the power to make preliminary inquiry into the facts of a case to determine whether an issue exists. Fidelity & Deposit Co. v. United States, 187 U. S. 315, 23 S. Ct. 120, 47 L. Ed. 194; Ex parte Peterson, 253 U. S. 300, 40 S. Ct. 543, 64 L. Ed. 919.

White v. Calhoun, 83 Ohio St. 401, 94 N. E. 743, 744, is a well-considered case on the question before us. In this case a motion similar to the one here was filed to an answer. The court says: "The practice in many of the states is of like character, notably in California, New York, Minnesota, and Indiana, as appears by the authorities cited by counsel, which we need not here repeat. Our statute does not in terms provide, as is provided in the statutes of many states, for the striking off of sham answers. But the authorities cited by the industrious counsel for defendants in error fully support the proposition that the power *is inherent and has been exercised from time immemorial as a power existing at common law.*"

The only decision of the Supreme Court of Florida on the question directly presented is Jackson Sharp Co. v. Holland, 14 Fla. 384. In this case the court considered a motion to strike a denial of the corporate existence of the plaintiff, on the ground that the same was sham. The court says: "When the motion to strike out is made, the defendant makes no counter affidavits. While there are thirteen subdivisions or sections to this answer, this and another which we subsequently consider are the only ones in respect to which there can even be a question as to their being either frivolous or sham. No attempt has been made in argument to sustain them. The whole defence indicates an entire want of merit. Looking at the whole case, and especially in view of the fact that the defendant makes no response to the motion by affidavit, we think this defence might very properly have been stricken out as sham. It was destitute of merit and was frivolous. The court under the circumstances was also obliged to conclude that it was untrue, and it was therefore sham."

Referring to the motion directed to other parts of the answer, the court says: "The allegations here are so indefinite and uncertain that the precise nature of the defense is not apparent," and holds that this part of the answer should not have been stricken, but should have been required upon motion to have been made more definite and certain. The court further says, in reference to striking out defenses, that "great care should be used in the exercise of this power."

It would seem that the Supreme Court of Florida has recognized the existence of the power as at common law. The court cites as authority People v. McCumber, 18 N. Y. 315, 72 Am. Dec. 515, thereby adopting the construction of the New York court upon a similar procedural statute. This case seems to involve facts similar to the one before me, and discusses at length the common-law power involved here. I think this case cannot be used as an authority for the court to strike a general denial or a partial denial on the ground of the same being sham and filed for delay only, but is a subsisting authority sustaining the power of the court to strike the special plea of the defendant in the case we are considering. The court said: "This power should be carefully exercised, and not extended beyond its just limits, as above mentioned. It is a power simply to inquire whether there is in fact any question to be tried, and if there is not, but the defence is a plain fiction, to strike out the fictitious defence. When a defendant, on a motion to strike out his defence as sham, supports it by an affidavit stating specifically the grounds of it, he cannot, as a general rule, be deprived of the benefit of a trial of it in the ordinary mode: a case for striking out does not exist."

The above case is annotated by A. C. Freeman in 72 Am. Dec. 521, in the course of which he says, supporting the same by abundant authority: "Under the common-law system, a sham plea was subject to be struck out on motion; 1 Ch. Pl., 16th Am. Ed., 568. By the statutes and codes of California, Colorado, Florida, Indiana, Iowa, Kentucky, New York, North Carolina, Oregon, South Carolina, and Wisconsin, provision is made for striking out sham answers and defenses. The procedure is by motion to strike out as sham." Under the common-law practice, the general issue could not be stricken out as a false and sham plea; but false and sham special pleas could be stricken out, though technically well pleaded in form and substance.

The power to strike has, however, been recognized by the Florida Supreme Court in Chavous v. Gornto, 89 Fla. 12, 102 So. 754, which cites other decisions of said court in support thereof.

In Dwan v. Massarene, 199 App. Div. 872, 192 N. Y. S. 577, 582, the court, commenting upon the effect of the exercise of this power upon the right of trial by jury, says: "This did not deprive the court of the power to determine whether there was an issue of fact to be tried; but, if the court determined there was such an issue, it must be tried by a jury. A false denial interposed for the purpose of delay did not create such an issue, any more than a false affirmative defense." Hanna v. Mitchell, 202 App. Div. 504, 196 N. Y. S. 43.

█ A plea may be sham, that is, false in fact, even if defendant believed it to be true. The defendant's ignorance is immaterial. The fact is the basis of the rule. Under the common law it may be true that the court connected sham with falsity as known to the pleader, but we progress in procedural matters with time, and now we declare that a sham pleading, as in this case, is one pleaded for delay only when it appears from the undisputed facts that it constitutes no defense and no reason exists why the case should be carried further, when upon trial upon the same evidence judgment would fol-

low as now, all whether the defendant or its counsel believed in the defense or not.

The plaintiff's case has been fully presented. Defendant has had ample opportunity to be heard. It stands mute upon the evidence submitted by the plaintiff.

■ There is no taking away of any constitutional right of trial by jury involved because the court does not try the issues; it only ascertains whether in fact there is an issue for trial. If it finds no issue, it enters judgment. White v. Calhoun, 83 Ohio St. 401, 94 N. E. 743; Coykendall v. Robinson, 39 N. J. Law, 98; Eisele v. Raphael, 90 N. J. Law, 219, 101 A. 200. "At common law a plea was considered sham when it was palpably or inherently false, and from the plain or conceded facts in the case must have been known to the party interposing it to be false." Fidelity Mutual Life Ins. Co. v. Wilkes-Barre, etc., R. Co., 98 N. J. Law, 507, 120 A. 734, 735; 1 Chitty on Pleading (7th Ed. 1867) p. 541.

■ The court cannot determine the truth or falsity of a plea if the evidence submitted be conflicting, but where the defendant, as in this case, admits by its assertions and failure to disclose any conflict under the affidavits filed by the plaintiff with his motion and thereby says its case is to be determined on final hearing by the very evidence submitted, the court is derelict in its duty if it fails to act. Corpus Juris, vol. 49, Pleading, §§ 992–997.

I therefore sustain the motion to strike the special defense, and judgment will be entered for the plaintiff in accordance with the evidence supporting the allegations of its declaration.