637 So.2d 285 (1994)
Frank MENKE and Linda Menke, Appellants,
v.
SOUTHLAND SPECIALTIES CORPORATION, Appellee.
No. 92-04564.
District Court of Appeal of Florida, Second District.
April 22, 1994.
Philip N. Hammersley of Norton, Gurley & Hammersley, P.A., Sarasota, for appellants.
James C. Fetterman, Sarasota, for appellee.
PER CURIAM.
The appellants, Frank Menke and Linda Menke, challenge the trial court's final order striking as sham the appellants' answer and affirmative defenses to the cross-complaint which was filed by the appellee, Southland Specialties Corporation. We affirm in part and reverse in part.
First Florida Bank provided financing to the appellants for a project known as the River Forest Project which was located in Sarasota County, Florida. The appellant Mr. Menke, in his capacity as president of Carrousel Properties, entered into a contract with the appellee wherein the appellee would provide labor and materials for the project. The appellants also executed a promissory note to the appellee which provided that the note could be accelerated by the appellee upon transfer of all or part of the premises or any interest therein.
When the financing defaulted, First Florida Bank sued the appellants and the appellee to foreclose the mortgage. The appellee subsequently filed a cross-complaint against the appellants pursuant to the acceleration provisions of the promissory note. The appellants in response to the cross-complaint filed an answer and affirmative defenses. The appellants' affirmative defenses alleged, among other things, that the promissory note was *286 unenforceable and that the appellants had rescinded the note.
The appellee moved to strike all the appellants' affirmative defenses as sham based upon the appellant Mr. Menke's deposition testimony. Mr. Menke, among other things, stated in his deposition that the promissory note given by him to the appellee was to satisfy certain debts claimed by the appellee for work allegedly performed. Upon the appellee's motion, the trial court struck the appellants' answer and the affirmative defenses on the cross-complaint as sham. The appellants filed a timely notice of appeal.
The appellants contend that the trial court erred by striking as sham the appellants' answer and affirmative defenses. Although we find sufficient evidence to uphold the trial court's order regarding the striking of certain affirmative defenses, we agree that it was error to strike the appellants' answer and the affirmative defenses of unenforceability and cancellation of the promissory note.
A plea is considered a sham when it is palpably or inherently false and from the plain or conceded facts in the case, must have been known to the party interposing it to be untrue. Rhea v. Hackney, 117 Fla. 62, 157 So. 190 (Fla. 1934). In reviewing a motion to strike pleadings, the striking of pleadings is not favored and all doubts are to be resolved in favor of the pleadings. Sargent, Repka, Covert, Steen & Zimmet v. HAMC Indus., Inc., 597 So.2d 427 (Fla. 2d DCA 1992). Where there is no showing that the stricken pleadings were a plain fiction or undoubtedly false, the pleadings should be reinstated. See Reif Dev., Inc. v. Wachovia Mortg. Co., 340 So.2d 1267 (Fla. 4th DCA 1976).
The trial court's order in the instant case stated that the appellants' answer and affirmative defenses were a sham when compared to the appellant Mr. Menke's deposition testimony. We note initially that since the appellee's motion was directed at striking the affirmative defenses and not the answer and the notice of hearing referred to the appellee's motion, the trial court erred in striking the answer. With regard to the affirmative defenses, we are unable to conclude, after a review of Mr. Menke's deposition testimony, that portions of the affirmative defenses are a plain fiction or undoubtedly false. The issues of unenforceability and cancellation of the promissory note were alleged as affirmative defenses but were not addressed by the appellant Mr. Menke in his deposition. Therefore, no showing was made that those affirmative defenses were a sham. Accordingly, the answer and the affirmative defenses of unenforceability and cancellation should be reinstated and the cause remanded for further proceedings.
Affirmed in part, reversed in part, and remanded.
FRANK, C.J., and SCHOONOVER and FULMER, JJ., concur.