861 So.2d 523 (2003)
Freddy CROMER, Appellant,
v.
Pierce H. MULLALLY, Esq., and Pierce H. Mullally, Esq., P.A., Appellees.
No. 3D03-1107.
District Court of Appeal of Florida, Third District.
December 24, 2003.
*524 Stabinski & Funt, Miami, and Daniel M. Grissom, for appellant.
Louis F. Robinson, III (North Palm Beach), for appellees.
Before GERSTEN, RAMIREZ, and WELLS, JJ.
PER CURIAM.
Freddy Cromer ("Cromer") appeals the trial court's order granting Pierce Mullally and Pierce Mullally, P.A.'s (hereafter collectively referred to as "Mullally") motion to strike Cromer's complaint as sham. We reverse.
In October of 1999, Cromer decided to refinance his apartment building. In order to close on the property, he was required to obtain general liability and windstorm insurance. Cromer's mortgage broker obtained insurance from Essex Insurance Company ("insurance company") through an agent. The agent delivered a binder that contained general liability coverage to the closing agent, Mullally. At closing, Mullally wrote on the binder that the insurance coverage also included windstorm coverage. Several days later, Cromer's property was damaged by Hurricane Irene.
Cromer filed a claim with the insurance company. The insurance company denied the claim alleging that it had not issued a policy to Cromer. Cromer filed suit against the insurance company and the agent who procured the policy. The complaint was amended several times and the fourth amended complaint, which is at issue here, asserted claims of negligent misrepresentation against Mullally. Mullally filed a motion for summary judgment and a separate motion to strike the amended complaint as sham pursuant to Florida Rule of Civil Procedure, 1.150.
The trial court conducted a hearing on the motion to strike. Mullally testified at *525 the hearing and admitted that he wrote windstorm coverage on the binder. Mullally denied giving the binder to Cromer. The trial court granted the motion to strike the complaint as sham and ruled that since no insurance coverage existed to begin with, Mullally's representation of non-existent windstorm coverage to Cromer was not causally connected to Cromer's damages.
The trial court erred in dismissing the pleading as sham. A pleading is only considered a sham when it is inherently false and clearly known to be false at the time the pleading was made. See Menke v. Southland Specialities Corp., 637 So.2d 285 (Fla. 2d DCA 1994). Furthermore, a hearing on a motion to strike a pleading as sham is not for the purpose of trying the issues, but rather serves the purpose of determining whether there are any genuine issues to be tried. See Meadows v. Edwards, 82 So.2d 733 (Fla.1955). The fact that a court may perceive little prospect in the success of an alleged sham proceeding is not a sufficient ground to grant a motion to strike the pleading. See St. John Medical Plans, Inc., v. Physician Corp. of America, 711 So.2d 1329 (Fla. 3d DCA 1998).
Here, the trial court did not determine whether or not there was any falsity to the pleadings. Instead, the court heard testimony as to the merits of the case. This was not proper procedure. See Menke, 637 So.2d at 286. Furthermore, nothing in the record demonstrates that the complaint was clearly and indisputably false. Accordingly, we determine that it was error for the trial court to strike Cromer's complaint as sham.
Reversed and remanded, with instructions to reinstate Cromer's complaint.