MAY, J.
The difference between a sham and a mistake is at issue in this appeal. The seller of building materials appeals an order striking its amended complaint as a sham pleading. It argues the trial court erred in confusing its accounting mistakes in calculating the amounts owed as a sham. We agree and reverse.
On August 30, 2004, the seller sued the buyer[1] for unpaid invoices, plus service charges in the amount of $21,490.37. It attached copies of nineteen unpaid invoices, and alleged the buyer had not paid for roofing materials it purchased between February and May 2003.
On November 18, 2004, the buyer answered the complaint and asserted eight affirmative defenses. In October 2005, Su-nex filed its second Notice of Trial. In December 2005, the trial court referred the ease to non-binding arbitration.
After the buyer’s deposition, seller’s counsel informed the buyer that after looking over the invoices, the only monies that were outstanding related to invoice # 652 for roofing materials in the amount of $21,874.19. That invoice had not been attached to the original complaint. In his deposition, however, the seller’s president testified that all of the invoices attached to the original complaint had been paid except # 1350 in the amount of $1492.
Arbitration was held in February 2006, and on May 2, 2006, the arbitrator filed the non-binding arbitration award; the buyer moved to compel the award. On May 10th, the seller moved for trial. The seller subsequently amended its complaint. In addition to other exhibits, the seller attached the same statement of account that it had attached to the original complaint. The buyer then filed a Verified Motion to Strike Plaintiffs Amended Complaint as a Sham pursuant to Florida Rule of Civil Procedure 1.150.[2]
*782 The seller’s president filed an affidavit making the following attestations. After his deposition, the seller conducted an audit on the account. While the roofing materials had been paid for, the buyer’s job superintendent had withheld from other purchases an amount equal to that of the roofing material, thereby leaving the other invoices unpaid.
The buyer responded that all the invoices sued on in the amended complaint were the same invoices sued upon in the original complaint and that the seller’s president had previously testified that all but one of those invoices had been paid.
The seller replied that the confusion had arisen from the company’s internal accounting procedures that called for funds received to be first applied to outstanding invoices. Because the outstanding amount owed was similar to the roofing materials invoice, the seller believed that it was the roofing materials invoice that had not been paid.
The trial court questioned why the original or amended complaints should not be considered sham pleadings as they failed to accurately reflect the invoices owed. It then granted the motion to strike. The trial court directed any claims covered by the original complaint and its attachments to be concluded, but allowed the seller to file a new complaint for any other invoices or debts unpaid. From this order, the seller appealed.
The seller acknowledges the differences among the deposition of the seller’s president, his affidavit, and the amended complaint. Nevertheless, the seller argues the amended complaint fails to show the requisite fraud or intentional falsity to justify the trial court’s striking of it. The buyer responds that the invoices underlying the complaints were paid and therefore the allegations of non-payment constituted a fraud upon the court.
A trial court must resolve all doubts in favor of a pleading when ruling on a motion to strike. Destiny Constr. Co. v. Martin K. Eby Constr., 662 So.2d 388, 390 (Fla. 5th DCA 1995) (citing Meadows v. Edwards, 82 So.2d 733, 735 (Fla.1955)). “A hearing on a motion to strike pleadings, or on a motion for summary judgment is not to try the issues, but to determine whether there are any genuine issues to be tried.” Meadows, 82 So.2d at 735 (citing Johnson v. Studstill, 71 So.2d 251, 252 (Fla.1954) (en banc)). “The fact that a court may perceive little prospect in the success of an alleged sham proceeding is not a sufficient ground to grant a motion to strike the pleading.” Cromer v. Mullally, 861 So.2d 523, 525 (Fla. 3d DCA 2003).
Here, there is no doubt the seller had some serious accounting issues within its company. There is also no doubt that the seller’s president was confused about which invoice(s) had not been paid and who actually owed the money, but the amount owed never really varied. Rule 1.150 is not the proper procedural mechanism for disposing of those conflicts in the seller’s ease.
The striking of a complaint is only warranted when the pleading “is inherently false and, based on plain or conceded facts, clearly known to be false at the time the pleading was made.” Destiny Constr. Co., 662 So.2d at 390 (citing Menke v. Southland Specialties Corp., 637 So.2d 285, 286 (Fla. 2d DCA 1994)). For this *783 reason, we reverse and remand the case for reinstatement of the amended complaint and for further proceedings consistent with this opinion.

Reversed and Remanded.

GUNTHER and FARMER, JJ., concur.

. For ease of reference the defendants, Colson and Blue Water Developers and/or Builders are referred to collectively as the buyer even though the identity of the proper defendant was at issue. Each invoice indicated that the buyer was Blue Water Builders and the order had been placed by Tim Haffner.

. Florida Rule of Civil Procedure 1.150(a) provides:
Motion to Strike. If a party deems any pleading or part thereof filed by another party to be a sham, that party may move to strike the pleading or part thereof before the cause is set for trial and the court shall *782 hear the motion, taking evidence of the respective parties, and if the motion is sustained, the pleading to which the motion is directed shall be stricken. Default and summary judgment on the merits may be entered in the discretion of the court or the court may permit additional pleadings to be filed for good cause shown.