PER CURIAM.
AMEC Civil, LLC appeals a final summary judgment in favor of Parson’s Transportation Group, Inc. and PTG Construction Services Company, appellees, on res judicata and collateral estoppel grounds. Based upon this court’s prior opinion in AMEC Civil, LLC v. State, Detriment of Transportation, 41 So.3d 235 (Fla. 1st DCA 2010) (AMEC I), we agree with the trial court that this action is barred by the doctrine of res judicata. Accordingly, we affirm.
*456 As we explained in AMEC I, a matter is res judicata if the following conditions are met:
(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality in the person for or against whom the claim is made.
AMEC I, 41 So.3d at 239-^0. We find that all four conditions are satisfied here. As to the identity of the parties, we conclude that there is an identity of the parties here because appellees are privies of the Florida Department of Transportation. The Florida Supreme Court has explained that “[a] judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive....” Kimbrell v. Paige, 448 So.2d 1009, 1012 (Fla.1984) (quoting Wade v. Clower, 94 Fla. 817, 114 So. 548, 552 (1927) (emphasis supplied)). “A privy is one who is identified with the litigant in interest.” Progressive Am. Ins. Co. v. McKinnie, 513 So.2d 748, 749 (Fla. 4th DCA 1987). “Privity is a mutuality of interest, an identification of interest of one person with another, and includes privity of contract, the connection or relationship which exists between contracting parties.” Radie v. Allstate Ins. Co., 758 F.Supp. 1464, 1467 (M.D.Fla.1991). Further, identity of parties exists if the third parties [PTG & Parsons], as here, had indemnity obligations to the Department of Transportation. Massey v. David, 831 So.2d 226, 233 (Fla. 1st DCA 2002).
AFFIRMED.
VAN NORTWICK, LEWIS, and SWANSON, JJ., concur.