ALTENBERND, Judge,
Concurring.
I fully concur in the court’s opinion. The fact that Ms. Barcenas contacted a *592 law firm within a few months of this child’s birth to determine whether he had suffered an injury as a result of malpractice suggests that the lawsuit filed more than five years after the child’s birth is probably barred by the statute of limitations. This cannot, however, be established from the face of the record on a motion to dismiss. If this type of injury can occur from natural causes at the time of birth and is not necessarily caused by malpractice, it is at least conceivable that the malpractice could not be discovered until some time had elapsed from the date of birth.
I write primarily to question whether Florida Rule of Civil Procedure 1.150, which allows a court to strike a sham pleading, performs any useful function and whether it should be eliminated. This rule is rarely used and seems to bait experienced trial judges into premature decisions. See, e.g., Miller v. Nelms, 966 So.2d 437 (Fla. 2d DCA 2007); Sunex Int’l Inc. v. Colson, 964 So.2d 780 (Fla. 4th DCA 2007); Cromer v. Mullally, 861 So.2d 523 (Fla. 3d DCA 2003); Furst v. Blackman, 819 So.2d 222 (Fla. 4th DCA 2002); Furst v. Blackman, 744 So.2d 1222 (Fla. 4th DCA 1999). In light of rule 1.510 authorizing a court to enter a complete or partial summary judgment and rule 1.140(f) permitting a court to strike “redundant, immaterial, impertinent, or scandalous matter from any pleading at any time,” rule 1.150 has little, if any, practical application. See, e.g., Sean R. Santini, Motions to Strike Sham Pleadings and Summary Judgment Motions: Is There a Difference?, 77 Fla. B.J. 52, 53-54 (Oct. 2003).
Rule 1.150 contemplates that the trial judge will conduct an unusual evidentiary hearing on a verified motion, not to determine an issue in the case, but rather to determine whether factually the pleading is a sham. See Meadows v. Edwards, 82 So.2d 733 (Fla.1955). I cannot recall ever seeing a case in which such an evidentiary hearing was actually held. Attorneys typically set these motions for hearing without reserving the time required for an eviden-tiary hearing. In an effort to move the case along, the trial court rules on the motion without an evidentiary hearing, only to get reversed a year later.
This rule is a relic of the past. Its origin as a written rule in Florida can be traced back to rule 22 of the Florida Revised Common Law Rules promulgated in 1936, but its roots trace back even further. See, e.g., Scarfone v. Silverman, 408 So.2d 778, 780 (Fla. 2d DCA 1982); Liebling v. Barbara Bldg. & Dev. Corp., 52 F.2d 183, 185 (S.D.Fla.1931); Bruce J. Berman, Ber-man’s Florida Civil Procedure § 150.1 (2011-2012 ed. 2011). The current version of rule 1.150 was part of the 1967 revision of Florida’s rules of civil procedure. See In re Fla. Rules of Civil Procedure 1967 Revision, 187 So.2d 598, 606 (Fla.1966).[6] In 1967, when Florida first adopted the majority of the current rules, our rules were almost identical to the new Federal Rules of Court. The Federal rales contained no rule on sham pleadings. See Berman’s Florida Civil Procedure § 150.2. For reasons that are not clear to me, Florida elected to insert this common law rale into the new rules.
It is worth noting that our current procedures for summary judgment were not extensively used before the 1950s. See Lomas v. W. Palm Beach Water Co., 57 So.2d 881 (Fla.1952) (approving the procedure for summary judgment); see, e.g., *593 Leonard D. Pertnoy, Summary Judgment in Florida: The Road Less Traveled, 20 St. Thomas L. Rev. 69 (Fall 2007). It may have been that Florida lawyers, when drafting new rules in the mid-1960s, were not convinced that this relatively new tool for eliminating issues and claims prior to trial was sufficient to replace the common law rules addressing sham pleadings. Given that the federal courts have now operated quite well without this rule for forty-five years, I would suggest that Florida consider eliminating this common law rule.

. Prior to 1967, the precursors to rule 1.150 went through a number of permutations. See Berman's Florida Civil Procedure § 150.1.