EDWARDS, J.
Wüdflower, LLC (“Appellant”) appeals the trial court’s order granting St. Johns River Water Management District’s (“Ap-pellee”) motion to strike and motion to dismiss Appellants second amended complaint with prejudice. Appellee’moved to strike the second amended complaint as a sham, but did not allege that it contained any false or scandalous allegations. Thus, it was error for the trial court to strike it as a sham pleading. Appellee’s motion to dismiss set forth- affirmative defenses that were not apparent on the face of the second amended complaint; thus, the trial court also erred in granting that motion. We reverse and remand to the trial court with instructions to reinstate the second amended complaint and for -further pro *372 ceedings consistent with this opinion. On another issue raised by Appellant, we affirm the trial court’s refusal to grant Appellant’s motion for default against Appel-lee, because Appellee appeared, timely filed motions addressed to the various complaints, and actively defended against Appellant’s claims.
BACKGROUND FACTS AND PRIOR PROCEEDINGS
Appellant is a limited liability company founded in 2005, Frank and Linda Molica (“Molicas”) are its only, identified members. The genesis of the current dispute between Appellant and Appellee can be traced back to 2008 when Appellee served an administrative complaint on the Moli-cas, asserting that they had dredged and filled certain property without first obtaining the proper permits from Appellee. During the following years, the Molicas and Appellee were engaged in administrative, judicial, and appellate proceedings concerning the. Molicas’ use of and activities on the Molicas’ property. There were ongoing disputes about whether the Moli-cas’ property and operations were subject to Appellee’s Jurisdiction and permitting requirements.. The extended legal proceedings between the Molicas and Appel-lee concluded at the end of 2013.
In 2013, the Molicas deeded the property in question to Appellant, who had been a tenant on the property while the proceedings described above were taking place. In 2014, Appellant sued Appellee seeking a declaratory judgment as to whether Appellant’s activities on the same property would be exempt from or subject to ■ Appellee’s jurisdiction. Appellee responded to the complaint, by filing a motion to dismiss, asserting that res judicata precluded' relitigation of those issues and further asserting that Appellant failed to exhaust all administrative remedies prior to filing the complaint. Appellant filed a proposed amended complaint in which it alleged, among other things, that Appellee refused to provide an administrative remedy. Appellee responded to the proposed— amended complaint by asserting that it was a sham because Appellee never received a request for administrative action from Appellant.
In turn, Appellant filed a second amended complaint, ■ which did not contain the allegations that Appellee had previously labeled as sham pleadings. In response,' Appellee moved to strike or dismiss the second amended complaint with prejudice, asserting that it was barred by res-judica-ta, that it constituted sham pleadings, and that Appellant lacked standing to sue. Appellant moved for a judicial default against Appellee, arguing that Appellee’s motion to strike and for dismissal did not toll the time for Appellee to formally answer the second, amended complaint. The trial court granted Appellee’s motion to dismiss and strike with prejudice and denied Appellant’s motion for default. Appellant timely filed this appeal. ■
STANDARD OF REVIEW
As a general rule, “the standard of review of an order dismissing a complaint with prejudice is de novo.” Stubbs v. Plantation Gen. Hosp. Ltd. P’ship, 988 So.2d 683, 684 (Fla. 4th DCA 2008). However, “the standard of review of an order dismissing a complaint seeking a declaratory judgment is whether the trial court abused its discretion.” Orange Cty. v. Expedia, Inc., 985 So.2d 622, 624 (Fla. 5th DCA 2008) (quoting Palumbo v. Moore, 777 So.2d 1177, 1178 (Fla. 5th DCA 2001)). The “test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory *373 and contention, but whether he is entitled to a declaration of rights at all.” Rosenhouse v. 1950 Spring Term Grand Jury, In and For Dade Cty., 56 So.2d 445, 448 (Fla.1952). Additionally, “[t]he' standard of review for an order granting a motion to strike is abuse of discretion.” Upland Dev. of Cent. Fla., Inc. v. Bridge, 910 So.2d 942, 944 (Fla. 5th DCA 2005).
MOTION TO STRIKE SHAM PLEADINGS
Under Florida Rule of Civil Procedure 1.150(a), a “party may move to strike the pleading or part thereof [as a sham] before the cause is set for trial and the court shall hear the motion, taking evidence of the respective parties, and if the motion is sustained, the pleading to which the motion is directed shall be stricken.” A “pleading is only considered a sham when-it is inherently false and clearly known to be false at the time the pleading was made.” Cromer v. Mullally, 861 So.2d 523, 525 (Fla. 3d DCA 2003). Furthermore, the hearing on the motion to strike is to be conducted for the purpose of “determining whether there are any genuine issues to be tried” and “not for the purpose of trying the issues.” Id.
Appellee’s motion to strike does not allege the falsity of any factual allegation in the second amended complaint. Instead, Appellee asserted that since'Appellant was solely owned by and in privity with the Molicas, this new round of litigation was a sham, because, according to Appellee, the real-parties in interest had already litigated the same issues involving the same activities on the same property. Appellee also argued that it was justified in moving to strike the Appellant’s current pleadings as sham because the first amended complaint contained a factual allegation that Appellee asserted to be false. i.e., Appellant’s claim'that it had previously requested administrative action, when no such request had been- made. Appellee filed an affidavit from the district clerk confirming that no such request was received .from Appellant. However, that possibly false factual , allegation was entirely omitted from the second amended complaint.
In “ruling upon a motion to strike, the trial court must resolve all doubts in favor of the pleading ... [0]n review, when there is no showing that a pleading was plain fiction or- undoubtedly false, the pleading must be reinstated.” Yunger v. Oliver, 803 So.2d 884, 886 (Fla. 5th DCA 2002) (citing Menke v. Southland Specialties Corp., 637 So.2d 285, 285 (Fla. 2d DCA 1994)). As Appellee did not make any specific showing-that any allegation in Appellant’s second amended complaint was “plain fiction or undoubtedly false,” aside from offering proof of the falsity of an allegation made in the first amended complaint, the trial court abused its discretion by striking the second amended complaint;
MOTION TO DISMISS BASED UPON FACTUAL DEFENSES -
Appellee’s motion to dismiss asserted affirmative defenses, such "as res judicata and lack of standing, which would require some factual -proof in order to be sustained; Affirmative defenses “ordinarily cannot be raised by motion to dismiss.” Duncan v. Prudential Ins. Co., 690 So.2d 687, 688 (Fla. 1st DCA 1997); However, “an exception is made when the face of the comjplaiht is sufficient to demonstrate the existence of the defense.” Ramos v. Mast, 789 So.2d 1226, 1227 (Fla. 4th DCA 2001). There is nothing on the face of the second amended complaint that suggests that Appellant lacks standing, as it is alleged to be the owner of the property in question and the entity carrying; out the activities which are or may be adversely impacted by-Api pellee’s exercise of its-jurisdiction. • Thus, *374 it was error to dismiss the second amended complaint with prejudice based upon lack of standing.
While the second amended complaint refers to and attaches some documents from the prior administrative and judicial proceedings, it does not set forth the facts necessary for the trial court to determine whether all the indicia of res judicata had been sufficiently established. A “matter is res judicata if the following conditions are met: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality in the person for or against whom the claim is made.” AMEC Civil, LLC v. PTG Constr. Servs. Co., 106 So.3d 455 (Fla. 1st DCA 2012). “The effect of res judicata is that the judgment constitutes an absolute bar to a subsequent action.” Seaboard Coast Line R. Co. v. Indus. Contracting Co., 260 So.2d 860, 862 (Fla. 4th DCA 1972). Res judicata binds the parties in the former action and their privies. AMEC Civil, 106 So.3d at 456. A “privy is one who is identified with the litigant in interest.” Id. (quoting Progressive Am. Ins. Co. v. McKinnie, 513 So.2d 748, 749 (Fla. 4th DCA 1987)).
Appellee argues that the requisite mutuality of interest exists, asserting that Appellant is in privity with the Molicas since it was a tenant of the property during the prior proceedings, was deeded the property by the Molicas, and was solely owned by the Molicas. Appellee may be able to sustain such arguments by proving those facts in the future; however, they do not sufficiently appear on the face of the second amended complaint to be resolved by a motion to dismiss. Thus, it was error to dismiss the second amended complaint with prejudice based upon res judicata.
For the reasons set forth above, we reverse the order striking and dismissing the second amended complaint with prejudice, and remand this matter to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED with instructions.
PALMER and WALLIS, JJ., concur.