**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1337
_____

SAKET CHAUDHARI; SATYENDRA CHAUDHARI,
Appellants

v.

MATTHEW PARKER; PARKER CONSULTING SERVICES, INC.; JOHN DOES (1-
10) (representing unknown liable defendants)
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 2:20-cv-01609)
U.S. District Judge: Honorable Claire C. Cecchi
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 6, 2022

Before: SHWARTZ, KRAUSE, and ROTH, <u>Circuit Judges</u>

(Filed: August 1, 2022)
_____
_____

**OPINION**[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellants Saket and Satyendra Chaudhari (collectively, "Chaudharis") appeal the dismissal of their suit against Appellees Matthew Parker ("Parker") and Parker Consulting Services, Inc. ("PCS") on *res judicata* grounds. Because it is not apparent from the face of the complaint that Appellees were in privity with the Chaudharis' former contractor, the party to the former suit on which the District Court's *res judicata* finding was based, we will vacate the dismissal and remand for further proceedings.

## I. Background

According to the facts alleged in the Chaudharis' amended complaint, which we accept as true and construe in the light most favorable to the Chaudharis at the motion to dismiss stage, *see Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 151 (3d Cir. 2018), Saket Chaudhari entered into a contract in February 2014 with JD James, Inc. d/b/a Nature Bridges ("Nature Bridges") to act as a general contractor for the construction of a bridge on his residential property. Nature Bridges then subcontracted with PCS for engineering services, including designing the bridge and ensuring all the necessary permits were in order.

Problems emerged in 2015 when the New Jersey Department of Environmental Protection ("NJDEP") issued a notice alerting the Chaudharis of several violations, including failure to record a project permit in the Office of the County Clerk, failure to maintain a copy of that permit at the project site, improper installation and maintenance of sediment barriers, and failure to place certain fencing along the project site. Parker emailed the Chaudharis in March 2016 informing them that he was attempting to "close out the

2

permit on [the] project," and sent them an invoice for work done up to that point. App. 45. In October 2018, the NJDEP issued another notice alerting the Chaudharis to more serious violations, including failure to comply with the approved dimensions and location for the bridge, as well as continued failure to submit proof of recording the permit. The Chaudharis allege that these violations rendered the bridge as constructed "worthless." App. 45.

While the project allegedly failed to produce a viable bridge, it did generate a substantial amount of litigation. First, Nature Bridges brought suit against Saket Chaudhari in the Circuit Court of the Second Judicial District for Jefferson County, Florida for breach of contract, alleging that he failed to pay the full sum owed under their contract. Saket asserted a counterclaim in that action, alleging that he had withheld partial payment in the expectation that Nature Bridges would undertake certain remedial measures and that Nature Bridges breached the contract by, among other things, failing to complete the agreed-upon project, a condition precedent to receiving the final payment. At the close of trial in 2018, the Florida court granted Nature Bridges' motion for a directed verdict on Saket's counterclaims. The jury subsequently found for Nature Bridges.

The Chaudharis then initiated this action against Parker and PCS in New Jersey Superior Court. After the case was removed to federal court, they filed an amended complaint, bringing claims for professional malpractice, negligence, breach of contract, and violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 *et seq.*, against Appellees Parker and PCS based on, among other things, their alleged failure to design and construct a bridge that complied with the plans approved by the NJDEP. Parker

3

and PCS moved to dismiss, arguing, among other things, that the Chaudharis' claims were barred by the doctrine of *res judicata*, as they had already been adjudicated on the merits via Saket's counterclaim against Nature Bridges in the prior Florida action. After finding that all of the conditions necessary for the application of *res judicata* were present, the District Court granted Appellees' motion and dismissed the action. This appeal followed.

## II.    Discussion[1]

We exercise plenary review over a District Court's application of *res judicata*. *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 172 (3d Cir. 2009). At the motion to dismiss stage, courts may grant a Rule 12(b)(6) motion on the basis of *res judicata*, an affirmative defense, only "if the predicate establishing the defense is apparent from the face of the complaint." *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 n.10 (3d Cir. 1978); *see Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 280 (3d Cir. 2016). If it is not, "the district court must either deny the 12(b)(6) motion or convert it to a motion for summary judgment and provide both parties an opportunity to present relevant material." *Hoffman*, 837 F.3d at 280 (citation omitted).

To determine the applicability of principles of *res judicata*, "we must give the same preclusive effect to the [prior] judgment" that courts in the state in which the judgment was entered would give. *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548

---

[1] The District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

4

(3d Cir. 2006). We therefore look to Florida law to determine whether *res judicata* bars the Chaudharis' claims against Parker and PCS.

Applying Florida law, the District Court correctly considered whether four conditions necessary for the application of *res judicata* were present: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality in the person for or against whom the claim is made." *AMEC Civ., LLC v. State, Dep't of Transp.*, 41 So. 3d 235, 240 (Fla. Dist. Ct. App. 2010). On appeal, the Chaudharis challenge only the third condition.

This condition, identity of the parties, requires the litigants in the former action to be either "the same parties [as the litigants in the latter suit] or their privies." *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246, 1259 (Fla. 2006) (quoting *Fla. Dep't of Transp. v. Juliano*, 801 So. 2d 101, 105 (Fla. 2001)). It is undisputed that neither Parker nor PCS was a party to the Florida action, so the question is whether it is apparent from the face of the amended complaint that they were in privity with Nature Bridges for purposes of *res judicata*. The District Court found that Parker and PCS were in privity with Nature Bridges by virtue of their contractual relationship as contractor and subcontractor and that, "even absent a contractual relationship, a mutuality of interest exists between Nature Bridges and Defendants with respect to Plaintiffs' suits for monetary damages stemming from the failed bridge that Nature Bridges and Defendant jointly designed and built." *Chaudhari v. Parker*, No. 20-CV-01609, 2021 WL 302913, at *3-4 (D.N.J. Jan. 29, 2021). The Chaudharis contend that this was a bridge too far, as, among other things, the existence of a contract alone does not establish privity for *res judicata* purposes.

5

Under Florida law, "[a] privy is one who is identified with the litigant in interest." *Wildflower, LLC v. St. Johns River Water Mgmt. Dist*., 179 So. 3d 369, 374 (Fla. Dist. Ct. App. 2015) (internal quotation marks and citation omitted). This requires the privy to "have [had] an interest in the [former] action such that she [is] bound by the final judgment as if she were a party." *Massey v. David*, 831 So. 2d 226, 232 (Fla. Dist. Ct. App. 2002) (quoting *Stogniew v. McQueen*, 656 So. 2d 917, 920 (Fla. 1995)).

Applying this standard, Florida courts have found that while privity can arise from a contract, the mere existence of a contractual relationship does not automatically create privity for *res judicata* purposes. *See, e.g.*, *id.* at 233–34 (finding that attorney who had an independent contractor relationship with a law firm was not in privity with the firm for purposes of *res judicata* when the firm prevailed in a lawsuit brought by a former client); *Dunmore v. Eagle Motor Lines*, 560 So. 2d 1261, 1263 (Fla. Dist. Ct. App. 1990) (finding no privity between an independent contractor that leased a truck to the defendant, a trucking company, in wrongful death suit involving one of the leased trucks). Because a non-party is only a privy if it "is bound by the final judgment entered to the same extent as the named parties," only certain contracts, such as those establishing an indemnitor-indemnitee relationship, are sufficient on their own to support a finding of privity. *Massey*, 831 So. 2d at 232–33. Establishing privity between parties in other contractual relationships, including, for example, an insurer and an insured, may require a separate finding that the parties' "interests coincide." *Id.* at 233 n.12.

Here, the face of the amended complaint does not establish that Appellees' interests were sufficiently aligned with Nature Bridges' to establish privity for purposes of *res*

6

*judicata*, as it states only that "Nature Bridges subcontracted with PCS to provide engineering services in connection with the construction of the bridge." App. 44. In fact, the amended complaint indicates that Parker and PCS had a relationship with the Chaudharis independent of the Chaudharis' dealings with Nature Bridges in that it states that Parker was in direct contact with the Chaudharis and billed them separately for a portion of his work.

Because the face of the amended complaint does not establish that Appellees and Nature Bridges were in privity for purposes of *res judicata*, "the issue could not be resolved via a Rule 12(b)(6) motion." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). We will therefore vacate and remand for the court to "pursue[] either of two procedures[:] . . . den[y] the motion without prejudice to renew in the form of a motion for summary judgment pursuant to [Rule] 56," or "convert[] the Rule 12(b)(6) motion into a Rule 56 motion," *id.*, and give "[a]ll parties . . . a reasonable opportunity to present all the material that is pertinent to the motion," Fed. R. Civ. P. 12(d). *See Hoffman*, 837 F.3d at 280 ("If [facts establishing *res judicata* are] not apparent [on the face of the complaint], the district court must either deny the 12(b)(6) motion or convert it to a motion for summary judgment and provide both parties an opportunity to present relevant material.").

## III.    Conclusion

For the forgoing reasons, we will vacate the District Court's order of dismissal and remand for further proceedings consistent with this opinion.